UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID A. HUMISTON, JR.,

        Plaintiff,

  v.

        Case No. 16-cv-0974-bhl

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.

## ORDER APPROVING ATTORNEY'S FEES

      Barry A. Schultz, counsel for Plaintiff David A. Humiston, Jr. asks the Court to approve attorney's fees in the amount of $29,503.65, pursuant to 42 U.S.C. Section 406(b). (ECF No. 18.) The Acting Commissioner of Social Security worries this is a "windfall." (ECF No. 20.) Because Schultz's proposed fees are reasonable and do not exceed 25 percent of the total of the past-due benefits his clients received, the Court will approve them.

### BACKGROUND

      On July 20, 2016, after the Social Security Administration found him not disabled, David Humiston hired Barry Schultz to represent him on appeal in federal court. (ECF No. 18-4 at 1.) According to the parties' "Retainer and Fee Agreement," Humiston agreed to pay Schultz "25% of all past-due benefits awarded," including "benefits payable as 'auxiliary benefits' to dependents." (*Id.*) Schultz initiated the federal appeal on July 25, 2016 and filed a brief in support on December 6 of the same year. (ECF Nos. 1 and 12.) A little over a month later, then-Acting Commissioner Carolyn W. Colvin filed a motion to remand the case pursuant to 42 U.S.C. Section 405(g), sentence four. (ECF No. 13.) The Court granted the motion the next day. (ECF No. 14.)

      Attorney Dave Hudec represented Humiston at his remand hearing where he prevailed. (ECF No. 18 at 1-2.) The Court then awarded Schultz $3,574.38 in full satisfaction and settlement of any and all claims Plaintiff may have under the Equal Access to Justice Act (EAJA). (ECF No. 17.) On October 26, 2020, the Social Security Administration issued Humiston and his two

dependents Notice of Award letters. (ECF No. 18 at 1-2.) On December 16, 2021, Schultz filed the instant motion seeking to collect under the contingent fee arrangement. (*Id.*)

## LEGAL STANDARD

In relevant part, 42 U.S.C. Section 406(b) provides: "Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." This provision "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney seeking the award bears the burden of establishing the reasonableness of his fee. *Id.* at 807 n.17.

## ANALYSIS

The Acting Commissioner asserts that Schultz's proposed fee constitutes a "windfall" because it: (1) "amounts to a very high implied hourly rate of $1,603.46 for 18.4 hours of work;" and (2) "includes $16,278.74 based on the past-due benefits of Plaintiff's two children [], although counsel has not demonstrated any additional work related to obtaining the auxiliary benefits." (ECF No. 20 at 1-2.) Neither argument renders Schultz's fee unreasonable.

**I.   Schultz's Fee is Reasonable Regardless of His Effective Hourly Rate.**

"[W]here a contingency contract exists, the court should not place primary emphasis on the hourly rate." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989). This makes sense because, "given the nature of contingent fee work, many entirely reasonable awards will translate into exaggerated hourly rates." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 n.5 (E.D. Wis. 2007). The Supreme Court has previously underscored that Section 406(b) instructs courts to first look "to the contingent-fee agreement," "then test[] it for reasonableness," and reduce "recovery based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Neither of those factors is tethered to the effective hourly rate. In fact, the *Gisbrecht* Court specifically rejected the "lodestar" (or hourly rate) method in favor of "the primacy of lawful attorney-client fee agreements." *Id.* at 793.

Here, the Acting Commissioner dedicates multiple pages to the lodestar method, arguing that Schultz's implied hourly rate is alarmingly high. (ECF No. 20 at 5-10.) But what matters is whether Schultz "did enough to earn a 'full' fee." *Koester*, 482 F. Supp. 2d at 1083 n.5. That

depends on the quality, timeliness, and effectiveness of his work. *Id.* As a seasoned litigator with extensive experience representing Social Security claimants, Schultz accomplished in 18.5 hours what a novice might need 40 hours to complete. *See Jensen v. Berryhill*, 343 F. Supp. 3d 860, 864 (E.D. Wis. 2018) ("The standard range for hours worked on Social Security litigation in the Seventh Circuit is 40-60 hours") (quoting *Cummings v. Berryhill*, No. 14-cv-10180, 2017 WL 926766, at *2 (N.D. Ill. Mar. 8, 2017)). If he had spent twice as many hours on the matter, consistent with the Circuit average, his effective rate under the contingency agreement might appear more "reasonable," but no one would be better off. This is, in part, why the lodestar method is disfavored under 406(b). And this is not a case where "extraordinary circumstances," *Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *5 (S.D. Ind. Nov. 25, 2020) (internal citation omitted) transform an otherwise reasonable fee into a windfall. *See Gisbrecht*, 535 U.S. at 808 ("If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."); *Baldino v. Saul*, No. 17-c-7276, 2020 WL 13505248, at *2 (N.D. Ill. Aug. 26, 2020) (noting that courts have reduced contingent-fee awards where success was attributable to something other than the attorney's own work).

It is true that $1,600 an hour beats the federal minimum wage, but Schultz's contract actually entitles him to *more*. A strict application of the fee agreement's terms would entitle him to 25 percent of the past-due benefits awarded Humiston, for a total recovery of $39,849.90. Adding his dependents into the mix, as the agreement allows, would net Schultz a total fee of $56,128.65. But to avoid appearing greedy and ensure that aggregate attorney's fees do not exceed 25% of the whole award, Schultz has only requested $29,503.65, the portion of the $56,128.65 that was left over after attorney Hudec received his cut. (ECF No. 18 at 2.) It is hard to see how an attorney who quickly achieved a winning outcome for his client is not reasonably entitled to a little more than half of what he bargained for.

**II.  While Schultz is Not Entitled to a Full 25% of the Past-Due Benefits Awarded to Humiston's Dependents, His Already-Reduced Request is Reasonable, so No Further Deductions are Necessary.**

To receive the full 25% award with respect to a plaintiff's dependents, an attorney must show "that the awards to the [dependents] were the result of . . . effort [he] would not have had to make on plaintiff's behalf." *Miller v. Colvin*, No. 10-cv-569-bbc, 2014 WL 4437785, at *1 (W.D. Wis. Sept. 9, 2014). If the attorney performed no additional work with regard to the dependents,

25% of the past-due benefits awarded probably constitutes a windfall. *Linda G. v. Saul*, 487 F. Supp. 3d. 743, 749 (N.D. Ill. 2020).

Here, Schultz's work resulted in a favorable decision on remand. This triggered a sizable bump in the monthly benefits Humiston's dependents received. (ECF Nos. 18-2 at 1 and 18-3 at 1.) But the bump was incidental. It did not flow from any extra effort Schultz expended. Courts that confront this kind of situation routinely hold that an attorney may not reasonably lay claim to 25% of the dependents' benefits. *See Jose R. v. Saul*, No. 17-cv-4954, 2020 WL 635911, at *2 (N.D. Ill. Feb. 11, 2020); *Guinn v. Berryhill*, No. 1:14-cv-182-RJC-DCK, 2018 WL 4258510, at *2 (W.D.N.C. Sept. 6, 2018); *Cortes v. Colvin*, No. 1:11-cv-1910, 2014 WL 4472613, at *7 (N.D. Ohio Sept. 10, 2014). But the oddities of this case eliminate the need for any Court-imposed reduction. 25 percent of *only* Humiston's past-due benefits is $39,849.90. Schultz seeks $10,000 less than even this amount. That is reasonable considering the representation provided and the outcome achieved.

### III. Humiston is Entitled to a Refund from Schultz.

"When an attorney receives fees for the same work under both § 406(b) and the EAJA, the attorney must return the smaller fee to the plaintiff." *Phillips v. Berryhill*, No. 14-cv-819-jdp, 2017 WL 782948, at *2 (W.D. Wis. Feb. 28, 2017). Schultz acknowledges that he received $3,574.38 in EAJA fees, $1,527.50 of which was offset due to a federal debt Humiston owed. (ECF No. 18-5 at 1.) Because he will now receive $29,503.65 under Section 406(b), Schultz must refund to Humiston the $2,046.88 left over from his EAJA award.

### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion for attorney fees, EFC No. 18, is **GRANTED**. Plaintiff's attorney, Barry A. Schultz, is awarded $29,503.65 in 42 U.S.C. Section 406(b) fees, payable by the Social Security Administration from Plaintiff's past-due Social Security benefits. From this amount, Schultz will refund to Plaintiff the amount of $2,046.88, equal to the EAJA fees Schultz received, less the offset for Plaintiff's outstanding debt.

Dated at Milwaukee, Wisconsin on September 12, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge